UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION

| | |
|---|---|
| **Lloyd R. Fields,**<br>3574 Trotters Lane<br>Mason, OH 45040<br><br>           Plaintiff,<br><br>v.<br><br>**BasTech, Inc.,**<br>c/o Bernard A. Staub, Jr.<br>9233 North Dixie Drive<br>Dayton, OH 45414<br><br>**Rapid Direction, Inc., and**<br>c/o Bernard A. Staub, Jr.<br>9233 North Dixie Drive<br>Dayton, OH 45414<br><br>**Bernard A. Staub, Jr.,**<br>9233 North Dixie Drive<br>Dayton, OH 45414<br><br>           Defendants. | Case No. _____<br><br><br><br>**COMPLAINT WITH JURY DEMAND** |

Now comes Plaintiff Lloyd R. Fields ("Plaintiff"), by and through counsel, and for his complaint against Defendants BasTech, Inc., Rapid Direction, Inc., and Bernard A. Staub, Jr. (collectively, "Defendants"), states as follows.

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is and at all times relevant to these claims was a resident of the State of Ohio.

2. Defendant BasTech, Inc. ("BasTech") is and at all times relevant to these claims was a corporation incorporated in the State of Ohio.

24994657.1

3. Defendant BasTech's revenues exceed $500,000 per year.

4. Defendant BasTech is engaged in interstate commerce.

5. Defendant Rapid Direction, Inc. ("RDI") is and at all times relevant to these claims was a corporation incorporated in the State of Ohio.

6. Defendant RDI's revenues exceed $500,000 per year.

7. Defendant RDI is engaged in interstate commerce.

8. Defendant Bernard ("Ben") A. Staub, Jr. ("Ben Staub") is and at all times relevant to these claims was a resident of the State of Ohio.

9. Defendant Ben Staub is listed on the Ohio Secretary of State's business registry as the registered agent for both Defendant BasTech and Defendant RDI.

10. This Court has personal jurisdiction over the parties to these claims.

11. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1367.

12. Venue is proper in this Court because Defendants reside in Dayton, Ohio and because Defendants' conduct that gives rise to these claims occurred in Dayton, Ohio.

## FACTUAL ALLEGATIONS

13. Defendant Ben Staub is the controlling owner of both Defendant BasTech and Defendant RDI.

14. Defendant Ben Staub is the founder and president of both Defendant BasTech and Defendant RDI.

15. Defendant Ben Staub has and at all times relevant to these claims had operational control of the day-to-day functions of both Defendant BasTech and Defendant RDI, including control over matters of employee compensation.

24994657.1

16. On or about January 1, 2017, Defendant Ben Staub hired Plaintiff as the chief executive officer ("CEO") of both Defendant BasTech and Defendant RDI.

17. Defendants agreed to pay Plaintiff a salary of $200,000 per year, with $50,000 of that amount deferred.

18. Plaintiff thereafter served as the CEO of both Defendant BasTech and Defendant RDI at the direction of Defendant Ben Staub.

19. However, during 2017 Defendants failed to pay Plaintiff's entire agreed upon salary, which Defendants unilaterally withheld.

20. Beginning January 1, 2018, Plaintiff's employment with Defendants was covered by an Employment Agreement, a copy of which is attached hereto as Exhibit A.

21. The Employment Agreement applied to Plaintiff's employment with Defendants for all of 2018 and beyond, until the end of Plaintiff's employment.

22. One reason the Employment Agreement was entered into was to address Defendants' failure to pay Plaintiff's entire agreed upon salary in 2017.

23. Pursuant to Article 1 of the Employment Agreement, Plaintiff was to continue to "be employed as the Chief Executive Officer" of both Defendant BasTech and Defendant RDI.

24. Pursuant to Article 2 of the Employment Agreement, Defendants agreed to pay Plaintiff "an annual base salary of $150,000.00 ("Salary")" as compensation for his employment with Defendants, and Plaintiff agreed "to defer receipt of up to $7,500 of the Salary each month until the earlier of December 31, 2018 or the date that the Company is sold at which time all deferred salary must be paid to employee and no more salary will be deferred."

25. Plaintiff's agreement to defer up to 60% of his 2018 salary was in exchange, in part, for a renegotiated equity stake in Defendant BasTech and Defendant RDI, as set forth in Article 2 of the Employment Agreement.

26. Pursuant to Article 6 of the Employment Agreement, if Defendants terminated Plaintiff's employment as the CEO without cause, then Plaintiff shall be entitled to all outstanding deferred salary payments due and owing to Plaintiff as of the termination date, as well as all outstanding liabilities due and owing to Plaintiff in connection with loans Plaintiff made to Defendants, both of which are to be paid by Defendants within seven days of the employment termination date.

27. Article 6 of the Employment Agreement further provides that in event Defendants terminated Plaintiff's employment as the CEO without cause, then Plaintiff shall also be entitled "twelve months of Salary to be paid in one lump sum on the first normal payroll cycle following the Date of Termination ("Severance Pay")."

28. Immediately following the inception of the Employment Agreement on or about January 1, 2018, Defendants made no salary payments to Plaintiff for his employment with Defendants, and Plaintiff received no remuneration or compensation of any kind from Defendants for his employment with Defendants for approximately the next nine months.

29. On multiple occasions from January to September of 2018, Plaintiff objected to Defendants' nonpayment of Plaintiff's salary provided by the Employment Agreement, reminded Defendants that Plaintiff did not agree to defer 100% of his salary, and requested that Defendants pay to Plaintiff the outstanding non-deferred salary payments owed to him.

30. Defendants nevertheless continued to fail to make salary payments to Plaintiff as set forth in the Employment Agreement and otherwise failed to provide Plaintiff any

remuneration or compensation of any kind for his employment with Defendants during that time period.

31. On September 27, 2018, Plaintiff, through counsel, provided written notice to Defendants of Plaintiff's breach of contract and unpaid wage claims under federal and Ohio law as set forth herein.

32. Following the written notice of claims set forth in the preceding paragraph, in a conversation with Plaintiff Defendant Ben Staub verbally acknowledged Defendants' receipt of the notice of claims, and Defendant Ben Staub further acknowledged that he and Defendants had no justification for failing to pay Plaintiff any portion of his salary pursuant to the Employment Agreement for the previous nine months.

33. Following Defendant's receipt of Plaintiff's written notice of claims as set forth in Paragraphs 31–32, Defendant Ben Staub engaged in retaliatory actions against Plaintiff, including but not limited to the following:

   a. Defendant Ben Staub confiscated Plaintiff's master key to Defendants' facilities on or about October 2, 2018.

   b. In an April 2019 conversation with Plaintiff concerning Plaintiff's continued employment with Defendants, Defendant Ben Staub called Plaintiff "lawyer happy" as a rebuke for Plaintiff retaining counsel to assert Plaintiff's legal rights regarding Defendants' failure to pay Plaintiff's salary in violation of the Employment Agreement as well as state and federal law;

   c. Defendant Ben Staub eliminated the CEO position of both Defendant BasTech and Defendant RDI, which positions Plaintiff held;

24994657.1

      d. Defendant Ben Staub terminated Plaintiff's employment with both Defendant BasTech and Defendant RDI effective April 15, 2019 ("Date of Termination").

34. Defendants' unilateral elimination of the CEO position and resulting termination of Plaintiff's employment as CEO was not "for Cause" according to the Employment Agreement. Therefore, Defendants' termination of Plaintiff's employment as CEO under the Employment Agreement was without cause.

35. From January 1, 2018 through approximately September 28, 2018, Defendants made no wage payments to Plaintiff whatsoever, and Plaintiff received no other compensation or remuneration for his employment with Defendants during that time, which constitutes a 100% deferral of Plaintiff's salary during that time period despite the Employment Agreement authorizing only a 60% deferral which was to end no later than December 31, 2018.

36. Beginning on or about October 12, 2018, Defendants began paying Plaintiff a portion of his salary; however, Defendants did not pay to Plaintiff any portion of the 100% deferred salary from the preceding nine months.

37. Notwithstanding the Employment Agreement's requirement that the salary deferral arrangement cease no later than December 31, 2018, Defendants continued to defer a portion of Plaintiff's salary up to the Date of Termination.

38. As of the Date of Termination, Defendants owe Plaintiff in excess of $175,000.00 in deferred salary payments from 2017, 2018, and 2019.

39. As of the Date of Termination, Defendants owe $10,000.00 to Quality Insights, LLC, a business entity owned by Plaintiff, in connection with services rendered to Defendants on

credit by Plaintiff through Quality Insights, LLC, as set forth in Article 2 of the Employment Agreement.

40. Defendants failed to pay to Plaintiff all outstanding deferred salary payments due and owing to Plaintiff as required by Article 6 of the Employment Agreement.

41. Defendants failed to pay to Plaintiff Severance Pay as required by Article 6 of the Employment Agreement.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

42. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

43. Defendants hired Plaintiff as the CEO of Defendant BasTech and Defendant RDI pursuant to an agreement that began on January 1, 2017.

44. Plaintiff performed under that agreement by serving as the CEO for both Defendant BasTech and Defendant RDI at the direction of Defendant Ben Staub throughout 2017.

45. Defendants breached that agreement by failing to pay portions of Plaintiff's agreed upon salary, which was unilaterally withheld by Defendants.

46. Following Defendants' breach of the agreement, Plaintiff and Defendants entered into the Employment Agreement, a written contract for Plaintiff's continued employment with Defendants as CEO of both Defendant BasTech and Defendant RDI.

47. Plaintiff performed under the Employment Agreement by serving as the CEO for both Defendant BasTech and Defendant RDI at the direction of Defendant Ben Staub.

48. Defendants breached the Employment Agreement by failing to pay any portion of Plaintiff's salary under the Employment Agreement from January 1, 2018 until approximately September 28, 2018.

49. Defendants further breached the Employment Agreement by continuing to defer portions of Plaintiff's salary beyond December 31, 2018 through the Date of Termination.

50. Defendants further breached the Employment Agreement by failing to pay to Plaintiff all outstanding deferred salary payments within seven days of the Date of Termination, which total more than $175,000.00.

51. Defendants further breached the Employment Agreement by failing to pay the outstanding liability of $10,000.00 to Quality Insights, LLC for services rendered to Defendants by Plaintiff through Quality Insights, LLC, within seven days of the Date of Termination.

52. Defendants further breached the Employment Agreement by failing to pay to Plaintiff Severance Pay in the amount of $150,000.00 on the first normal payroll cycle following the Date of Termination.

53. Plaintiff has suffered and continues to suffer damages as a result of Defendants breach of the Employment Agreement.

## SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

54. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

55. Plaintiff conferred a benefit upon Defendants when he performed work for Defendants through his service as CEO of both Defendant BasTech and Defendant RDI.

56. Plaintiff conferred a benefit upon Defendants when he performed work for Defendants through his services with Quality Insights, LLC.

57. Defendants had knowledge of the work performed by Plaintiff and of the benefits conferred upon them.

58. Defendants retained the benefits conferred upon them by Plaintiff without payment of any wages or any other form of remuneration or compensation.

### THIRD CAUSE OF ACTION:
### UNPAID WAGES

59. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

60. Defendants failed to pay Plaintiff his regular rate of pay and/or minimum wage for work performed up to forty (40) hours per workweek in violation of the FLSA, the Ohio Constitution, and the Ohio Revised Code.  29 U.S.C. §§ 206, 207, 215; Section 34a, Article II, Ohio Constitution; R.C. §§ 4111.03, 4111.02, 4111.10, 4113.15.

61. Defendants failed to pay Plaintiff at one and one-half (1½) times his regular rate of pay and/or minimum wage for work performed in excess of forty (40) hours per workweek in violation of the FLSA, the Ohio Constitution, and the Ohio Revised Code.  29 U.S.C. §§ 206, 207, 215; Section 34a, Article II, Ohio Constitution; R.C. §§ 4111.03, 4111.02, 4111.10, 4113.15.

62. Defendants' violations of the wage laws specified in Paragraphs 60 and 61 were willful.

### FOURTH CAUSE OF ACTION:
### FAILURE TO MAKE, KEEP, AND PRESERVE WAGE AND HOUR RECORDS

63. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

64. Defendants failed to make, keep, and preserve records of the wages, hours worked, and other terms of employment of Plaintiff in violation of the FLSA, the Ohio

24994657.1

Constitution, and the Ohio Revised Code. 29 U.S.C. §§ 211, 215; 29 C.F.R. § 516.2; Section 34a, Article II, Ohio Constitution; R.C. § 4111.14.

## FIFTH CAUSE OF ACTION: RETALIATION

65. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

66. Plaintiff objected and complained to Defendant Ben Staub regarding Defendants' failure to make salary payments according to the Employment Agreement, and Plaintiff, through counsel, provided written notice to Defendants of Plaintiff's breach of contract and unpaid wage claims.

67. Defendants had knowledge of Plaintiff's objections, complaints, and notice of these claims.

68. Immediately following Plaintiff's written notice of these claims, including unpaid wage claims, Defendant Ben Staub engaged in retaliatory action against Plaintiff in violation of 29 U.S.C. § 215 and R.C. § 4111.13, including the elimination of the CEO positions Plaintiff held and including the termination of Plaintiff's employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. Injunctive relief against Defendants and successors;

b. Money damages, including but not limited to back wages, statutory damages, liquidated damages, pre-judgment interest, post-judgment interest, costs, and attorney's fees. 29 U.S.C. 216; Section 34a, Article II, Ohio Constitution; R.C. §§ 4111.10, 4113.15;

c. Punitive damages; and

d. Any other relief, whether in law or equity, deemed appropriate by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

/s/ *Justin D. Flamm*
Justin D. Flamm (71575)
Conor H. Meeks (92725)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Tel: (513) 381-2838
Fax: (513) 381-0205
cmeeks@taftlaw.com
flamm@taftlaw.com

*Attorneys for Plaintiff Lloyd R. Fields*

24994657.1