UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LLOYD R. FIELDS,

    Plaintiff,

vs.

BASTECH, INC. *et al.*,

    Defendants.

Case No. 3:19-cv-135

Magistrate Judge Michael J. Newman
(Consent Case)

## STIPULATED PROTECTIVE ORDER

In accordance with Fed. R. Civ. P. 26(c) and the stipulation of Plaintiff Lloyd R. Fields ("Fields"), Defendant BasTech, Inc. ("BasTech"), Defendant Rapid Direction, Inc. ("RDI"), and Defendant Bernard A. Staub, Jr. ("Staub") (collectively, the "Parties" and individually, the "Party"), the Court enters this Stipulated Protective Order ("Order"). It is hereby ORDERED THAT:

1. This Order shall govern the handling of documents, depositions, exhibits, testimony, and other written, recorded, electronic or graphic matter produced in discovery, whether pursuant to a formal or informal request, letter, or subpoena, a request made or question asked at any deposition, or any other means (collectively, the "Information").

2. The Parties may designate Information as Confidential Information ("Confidential Information") upon a good faith assertion that such materials or testimony constitute Information that constitutes sensitive financial data, technical information, proprietary commercial information, contracts, patient/medical information, personal identifying information, and/or

commercially and/or competitively sensitive information. Confidential Information further includes Information that would qualify as confidential under any legal standard. Any Confidential Information so designated shall only be used in connection with these proceedings and shall not be disclosed or utilized in any other respect, except as may be otherwise provided for in this Order.

3. The Parties may designate Information as Highly Confidential Information ("Highly Confidential Information") upon a good faith assertion that disclosure of the Highly Confidential Information to persons other than those specifically designated in Paragraph 9 is substantially likely to cause injury to the disclosing Party.

4. The designation of the Information as Confidential Information or Highly Confidential shall be made as follows:

(a) In the case of documents, answers to interrogatories, or other written materials (apart from depositions, other pretrial testimony, transcripts thereof and exhibits thereto) to be designated as Confidential Information, by stamping each page of such as "Confidential Information" or "Confidential" or "Confidential, Subject to Protective Order," or some similar or comparable designation adding "Highly Confidential Information" as appropriate. Material that has been so designated prior to the effective date of this Order shall be treated as though designated pursuant to this Order.

(b) In the case of depositions, other pretrial testimony, the transcripts thereof, and exhibits thereto, by a statement on the record by counsel for the party making the disclosure at the time of such disclosure or at any time up to fourteen days after said party has received a transcript of the testimony. Regarding depositions that have already been taken in this action, the designation may be made at any time up to fourteen days after the effective date of this Order.

(c) In the case of documents produced by a non-party, by a written statement from counsel specifically designating the Information to be Confidential Information or by stamping each page of such as "Confidential Information" or "Confidential" or "Confidential, Subject to Protective Order," or some similar or comparable designation adding "Highly Confidential Information" as appropriate. Material that has been so designated prior to the effective date of this Order shall be treated as though designated pursuant to this Order.

5. Whenever any Confidential Information or Highly Confidential Information is disclosed or used at a deposition or other pretrial testimony in this action, (i) each portion of any such testimony in which the Confidential Information or Highly Confidential Information is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Order to have access to such designated information; (ii) the transcript of the confidential portion and all confidential exhibits shall be marked "Confidential -- Subject to Protective Order" (or comparable language including "Highly Confidential" as appropriate) and shall thereafter be deemed to be fully subject to the provisions of this Order; and (iii) the confidential transcript and confidential exhibits shall not be filed with this Court except in accordance with Paragraph 6 below.

6. In the event a party wishes to file any Confidential Information or Highly Confidential Information with the Court for any purpose, prior to seeking permission to file any document or confidential information under seal, and if time permit, the parties, through counsel, will discuss the confidential information and documents they intend to file in order to determine if a compromise can be reached in whole or in part to allow for filing not under seal. Unless resolved as set forth above, the party intending to file any Confidential Information under seal shall follow the Court's rules and protocols for filing materials under seal. er authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and *Shane Group, Inc. v. Blue Cross Blue*

*Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), no document may be filed with the Court under seal without prior permission from the Court as to each document, upon motion and upon demonstrating "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal [requested] is no broader than necessary[.]" *Shane Group*, 825 F.3d at 306.

7. The Parties may only disclose Confidential Information to the following persons:

(a) The Parties themselves and counsel appearing on behalf of any party, including paralegals, staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

(b) Any expert(s) or consultant(s) who is expressly retained to assist in the above-captioned action, with disclosure only to the extent reasonably necessary to perform such work; provided, that (1) any part of a report created by such expert or consultant relying on or incorporating Confidential Information in whole or in party shall be designated as Confidential Information by the party responsible for its creation, and (2) any experts or consultants may not use Confidential Information to their competitive advantage or for any purpose that does not relate to the above-captioned action;

(c) Any fact witness or potential fact witness, including named parties (and counsel for such witness) to the extent reasonably believed by counsel to be necessary with their testimony or potential testimony in the above-captioned action or the preparation thereof; provided, however, that any such individual shall (1) not retain any documents designated as Confidential Information; and, (2) be informed, prior to being shown materials designated as Confidential Information that he/she is being shown such materials solely for use in the above-captioned action;

(d) Any other person designated by agreement of the parties and the disclosing party, or by order of the Court;

(e) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings in the above-captioned action including, but not limited to, court reporters, videographers, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(f) The Court and its personnel;

(g) Mediators (and their supporting staff) assisting in the above-captioned action;

(h) An individual who either prepared the document or is identified on the face of the document as an addressee or copy addressee.

8. The persons described in paragraph 7 (b), (c), (d), (e), (f), and (g) shall have access to Confidential Information only if they have been made aware of the provisions of this Order.

9. The Parties may only disclose Highly Confidential Information to the following persons:

(a) counsel of record in this action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this action;

(b) Any expert(s) or consultant(s) who is expressly retained to assist in the above-captioned action, with disclosure only to the extent reasonably necessary to perform such work; provided, that (1) any part of a report created by such expert or consultant relying on or incorporating Highly Confidential Information in whole or in party shall be designated as Highly Confidential Information by the party responsible for its creation, and (2) any experts or consultants may not use Highly Confidential Information to their competitive advantage or for any purpose that does not relate to the above-captioned action;

(c) Any fact witness or potential fact witness, including named parties (and counsel for

such witness) to the extent reasonably believed by counsel to be necessary with their testimony or potential testimony in the above-captioned action or the preparation thereof; provided, however, that any such individual shall (1) not retain any documents designated as Highly Confidential Information; and, (2) be informed, prior to being shown materials designated as Highly Confidential Information that he/she is being shown such materials solely for use in the above--captioned action;

(d) Any other person designated by agreement of the parties and the disclosing party, or by order of the Court;

(e) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings in the above-captioned action including, but not limited to, court reporters, videographers, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(f) The Court and its personnel;

(g) Mediators (and their supporting staff) assisting in the above-captioned action;

(h) An individual who either prepared the document or is identified on the face of the document as an addressee or copy addressee.

9. The persons described in paragraph 8 (b), (c), (d), (e), (f), and (g) shall have access to Highly Confidential Information only if they have been made aware of the provisions of this Order.

8. Any designation of Information as Confidential Information or Highly Confidential Information shall be without prejudice to the rights of the Parties to apply to the Court for a determination of whether the designation is proper. The challenging party, however, shall first use informal conciliation attempts through counsel. If those attempts fail, then the challenging party

shall have the right to contact the Court to seek a conference and/or to file an appropriate motion seeking a ruling from the Court regarding the propriety or impropriety of the designation. Each party also has the right to apply for a further protective order if it believes greater protection than that afforded hereby is necessary for certain information to be produced.

9. Within 30 days after the conclusion of the proceedings in this action, including any settlement, appeals, retrials, or the running of any applicable periods for the filing of a notice of appeal without such notice being filed, all Information designated as Confidential Information and Highly Confidential Information, including any copies or extracts thereof, or documents containing information taken therefrom, shall either be returned to the producing party or destroyed by the receiving party. If the Information is returned, counsel for the receiving party shall give the producing party a written statement that all such designated Information (and copies or extracts thereof) has been returned. If the Information is destroyed, counsel for the receiving party shall give the producing party a written statement that all such designated Information (and copies or extracts thereof) has been destroyed.

10. This Order may be construed or modified by the Court, on application of any Party or on its own initiative, to ensure that adjudication of all issues may be had in the light of all relevant material facts without publishing or otherwise destroying the value of any designated Confidential Information or Highly Confidential Information except to the extent such publication or destruction cannot be avoided by the Court in the performance of its duties. This Order is not intended to and shall not benefit or be invoked by persons or entities not a party to this lawsuit, other than any person or entity whose (i) documents that are subject to a subpoena in this action, or (ii) documents that are in the possession of a party who, in response to discovery requests, is obligated to produce the non-party's documents, may invoke the protection of the Court under this Order and, at its discretion, designate Information as confidential.

11. By agreeing to this Order, neither party waives its attorney-client privilege or any other protections provided by federal or state law. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligations or right of any party or person with respect to any designated Information.

12. Any party may request to modify, expand, cancel, or supersede this Order by written notice or motion before the Court.

13. Nothing in this Order shall be construed in any way to control the use, dissemination, publication or disposition by a party of documents or information lawfully received at any time by that party outside the course of this litigation.

14. The provisions of this Order shall continue to be binding upon the Parties and their counsel in this action until the conclusion of this action. Following the conclusion of this action, the Court retains jurisdiction over the Parties and their counsel for enforcement of the provisions of this Order.

15. A party's inadvertent failure to designate information as Confidential Information or Highly Confidential Information under this order shall not operate as a waiver of the protections provided herein, provided that the disclosing party acts within a reasonable time after discovering its failure to remedy it.

**IT IS SO ORDERED.**

Date: __December 5, 2019__   s/ Michael J. Newman
                                                                                           Michael J. Newman
                                                                                           United States Magistrate Judge