UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LLOYD R. FIELDS,

    Plaintiff,

vs.

BASTECH, INC. *et al.*,

    Defendants.

Case No. 3:19-cv-135

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**ORDER AND ENTRY: (1) GRANTING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (DOC. 19), AND DISMISSING COUNT I OF DEFENDANTS' COUNTERCLAIM ALLEGING INDEMNITY AND/OR CONTRIBUTION; (2) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. 18) AND; (3) DIRECTING PLAINTIFF TO FILE HIS AMENDED COMPLAINT WITHIN SEVEN (7) DAYS**
_____

This civil consent case is before the Court on two motions filed by Plaintiff Lloyd Fields: (1) a motion for leave to file an amended complaint; and (2) a motion for partial judgment on the pleadings. Doc. 18, 19. Defendants filed memoranda in opposition to Plaintiff's motions. Docs. 20, 21. Thereafter, Plaintiff filed reply memoranda. Docs. 22, 23. The Court has carefully considered all of the foregoing, and Plaintiff's motions are now ripe for decision.

**I.**

Because this case is presently before the Court on Fields's motion for judgment on the pleadings directed to a counterclaim asserted by Defendants, the facts set forth herein are those alleged by Defendants, which are accepted as true for purposes of deciding Fields's Rule 12(c) motion. *Cf. Papasan v. Allain*, 478 U.S. 265, 283 (1986).

Defendants BasTech and Rapid Direction, Inc. ("RDI") are both Ohio corporations with their principal place of business in Dayton, Ohio. Doc. 12 at PageID 52. Defendant Bernard A. Staub, Jr. is the president and majority owner of both BasTech and RDI. *Id*. at PageID 53.

In January 2017, Fields entered into an employment agreement with Defendants to become the Chief Executive Officer ("CEO") of BasTech and RDI ("January 2017 Agreement"). *Id*. at PageID 54. Fields assumed his CEO duties on March 1, 2017. *Id*. at PageID 54. The January 2017 Agreement provided that Fields would receive a $150,000 salary and a 10% equity share in BasTech and RDI, with 1/36th vested monthly or 1/3 vested on each anniversary date. *Id*. However, beginning in the fall of 2017, cash flow issues began to arise for both BasTech and RDI and, as a result, Fields personally loaned BasTech $25,000.00 on September 29, 2017. *Id*. Additionally, Fields and Staub mutually agreed to begin deferring salary so that BasTech and RDI could meet their financial obligations. *Id*. at PageID 55.

Subsequently, Fields entered into a new employment agreement with Defendants on January 1, 2018 ("the January 2018 Agreement"). *Id*. 22. The January 2018 Agreement provided that Fields would receive $12,500 per month in salary, with $7,500 deferred, as well as additional equity in both companies. *Id*. Again, however, cash flow problems continued throughout 2018 and into 2019. Although Fields did receive ten $2,500 payments for repayment of the $25,000 loan he made to BasTech, he did not begin receiving any portion of his salary until October 12, 2018. *Id*. at PageID 57-58.

Ultimately, Fields's employment with Defendants ended in April 2019. *Id*. at PageID 58-59. Defendants allege that the parties attempted to negotiate the terms of a separation agreement, but that such negotiations ended when Fields filed this lawsuit on May 6, 2019. *Id*.

In this case, Fields contends that he is owed, *inter alia*, over $175,000.00 in deferred compensation for his work from 2017 through 2019. *Id*. at PageID 6-7. Specifically, Fields alleges the following claims: (1) breach of contract; (2) unjust enrichment; (3) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.; (4) violation of Ohio Rev. Code Chapter 4111

and Ohio Rev. Code § 4113.15; and (5) retaliation in violation of 29 U.S.C. § 215 and Ohio Rev. Code § 4111.13. *Id*. at PageID 7-10. BasTech and RDI assert counterclaims against Fields alleging: (1) he is liable to Defendants to the extent they are found liable to him for FLSA or Ohio wage law violations (*i.e.*, claims for indemnity or contribution); (2) breach of contract; (3) breach of fiduciary duty; and (4) abuse of process. Doc. 12.

Fields now seeks leave to amend its complaint to add a claim for retaliation, arguing that Defendants' assertion of counterclaims against him are in retaliation for asserting a FLSA claim. Doc. 18. In addition, Fields moves for partial judgment on pleadings with regard to Defendants' counterclaim seeking indemnity or contribution. Doc. 19.

## II.

The Court first addresses Fields's motion for judgment on the pleadings. Doc. 19. The standard for reviewing a Rule 12(c) motion for judgment on the pleadings is the same standard employed for reviewing a Rule 12(b)(6) motion to dismiss. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted."

To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not bound to

3

accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

Fields moves for judgment on the pleadings with regard to Count I of Defendants' counterclaim. Doc. 19. In that counterclaim, Defendants alleges that, "[t]o the extent that BasTech or RDI is liable to Fields" for FLSA or Ohio wage law violations, "then Fields is liable to BasTech and RDI as an 'employer' under those laws." Doc. 12 at PageID 60. In essence, Defendants seek

4

indemnity or contribution from Fields should they be found liable for violations of the FLSA. Such a counterclaim fails as a matter of law.

There is no dispute "that more than one 'employer' can be simultaneously responsible for FLSA obligations." *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994). Thus, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, [and can be] jointly and severally liable under the FLSA for unpaid wages." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991). However, courts have rejected the proposition advanced by Defendants in this case, *i.e.*, that, under the FLSA, "an employee of a company could also serve as his [or her] own employer[.]" *Bennett v. Highland Graphics, Inc.*, No. 3:14-CV-02408, 2016 WL 6071998, at *9 (M.D. Tenn. Oct. 17, 2016) (declining to find that plaintiff, who was vice-president of operations for the defendant company, was an "employer" under the FLSA with regard to his own wage claims). In construing the term "employer" for purposes of corresponding Ohio wage laws, "due consideration and great weight shall be given to the United States [D]epartment of [L]abor's and federal courts' interpretations of those terms under the Fair Labor Standards Act and its regulations." Ohio Rev. Code § 4111.14(B).

Additionally, even if Fields could be deemed his own employer for purposes of the FLSA or corresponding Ohio law, courts throughout the country -- including the Southern District of Ohio -- agree that the FLSA does not permit an employer to assert claims "for indemnity or contribution to avoid or share liability under the FLSA." *Acosta v. RAB Commc'ns, Inc.*, No. 2:18-CV-1513, 2019 WL 7282347, at *4 (S.D. Ohio Dec. 27, 2019) (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999) ("There is no right of contribution or indemnification for employers found liable under the FLSA"); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1408 (10th Cir. 1992) (holding that a claim "by an employer seeking indemnity from an employee

[for an FLSA violation] is preempted"); *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992) (finding that the FLSA "simply will not allow" an indemnity claim by an employer against an employee); *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986) (finding no cause of action exists for an employer to seek contribution or indemnity for violation of the FLSA).

The cases of *Lyle* and *LeCompte* are particularly analogous to the circumstances at issue in this case. In *Lyle and LeCompte*, the employer asserted claims against supervising employees seeking indemnity from those supervising employees for damages arising from the employers' FLSA violations. *Lyle*, 954 F.2d at 986 ("In effect, Food Lion sought to indemnify itself against [a supervising employee] for its own violation of the FLSA"); *LeCompte*, 780 F.2d at 1264 ("Chrysler Credit's counterclaim for indemnity against plaintiffs Leininger and Giordano . . . was based on the theory that they, when acting in a supervisory capacity, had perpetrated the Fair Labor Standards Act violations for which Chrysler Credit is now held liable"). In both cases, the circuit courts concluded that such indemnity claims were "something the FLSA simply will not allow." *Lyle*, 954 F.2d at 986; *see also LeCompte*, 780 F.2d at 987 ("No cause of action for indemnity by an employer against its employees who violate the Act appears in the statute, nor in forty years of its existence has the Act been construed to incorporate such a theory").

Consistent with the foregoing interpretations of the FLSA, the undersigned further finds that an employer has no cause of action in indemnity or contribution for violations of Ohio wage laws. *See, e.g.,* Ohio Const. Article II, Section 34a (providing a right of action "against an employer by . . . an employee"); Ohio Rev. Code § 4111.14(K) (providing a right of "action for equitable and monetary relief . . . against an employer by . . . an employee"). Accordingly, based on the foregoing, Fields's motion for partial judgment on the pleadings (doc. 19) is **GRANTED**, and Count I of Defendants' counterclaims is hereby **DISMISSED**.

**III.**

Fields also moves to amend his complaint to assert an additional claim of retaliation on the basis that Defendants' assertion of counterclaims was in retaliation of his assertion of rights under, *inter alia*, the FLSA. Doc. 18. Defendants argue that the retaliation claims proposed in the requested amendment fail to state a claim upon which relief can be granted and, therefore, are futile. Doc. 21.

Rule 15 provides, in part, that "a party may amend its pleadings with the opposing party's written consent or the court's leave" and that courts "should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A court need not grant leave to amend, however, where amendment would be 'futile.'" *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (*quoting Foman*, 371 U.S. at 182)). Although denial of leave to amend is warranted in certain circumstances, Rule 15(a) sets forth a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir.1987) (*quoting Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)).

Where, as here, "the proposed amendment is plausible on its face and where there exist substantial arguments on whether or not plaintiff will ultimately prevail on the new claim, the amendment should be permitted." *Wilder v. New Albany Health Assocs. Mso, LLC*, No. 2:15-CV-1423, 2015 WL 5244463, at *3 (S.D. Ohio Sept. 9, 2015). Accordingly, Fields's motion for leave to file an amended complaint (doc. 18) is **GRANTED**. Fields shall file his amended complaint within **SEVEN (7) DAYS** from the entry of this Order. Should such amended complaint not be timely filed, this case will proceed on Fields's original complaint.

## IV.

Based on the foregoing, the Court: (1) **GRANTS** Fields's motion for judgment on the pleadings (doc. 19) and **DISMISSES** Count I of Defendants' counterclaims; (2) **GRANTS** Fields's motion for leave to file an amended complaint (doc. 18); and (3) **ORDERS** Fields to file the amended complaint within **SEVEN (7) DAYS** from the entry of this Order.

**IT IS SO ORDERED.**

Date:   February 19, 2020                              s/ Michael J. Newman
                                                                                               Michael J. Newman
                                                                                               United States Magistrate Judge